UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DONNIE RAY BROOKS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 2:24-CV-165-KAC-CRW |
| HAWKINS COUNTY SHERIFF'S DEPARTMENT, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner housed in the Hawkins County Jail ("Jail"), filed a pro se (1) motion for leave to proceed *in forma pauperis* [Doc. 1; *see also* Doc. 6], (2) motion to appoint counsel [Docs. 2, 7], and (3) complaint for violation of 42 U.S.C. § 1983 [Doc. 3]. The Court addresses Plaintiff's motions, then screens his Complaint.

**I.    Motion for Leave to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who brings a civil action may apply for permission to file suit without prepaying the filing fee. See 28 U.S.C. § 1915(a). A review of Plaintiff's Motion [Docs. 1, 6] shows that he lacks sufficient resources to pay the filing fee in a lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's Motion [Doc. 1] and **ASSESSES** Plaintiff the civil filing fee of three hundred fifty dollars ($350.00).

The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the

complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. *See* 28 U.S.C. § 1915(b)(2).

To ensure compliance with the PLRA and the above fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to provide a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another institution.

## II.     Motion to Appoint Counsel

Liberally construed, Plaintiff mailed letters to the Clerk seeking appointment of counsel [*See* Docs. 2, 7]. He requests counsel because he is "indigent with no . . . outside help," [Doc. 2 at 1], and "is not a High School Graduate" and lacks "a GED," [Doc. 7 at 1]. He also mentions his health challenges and challenges obtaining an attorney on his own [*See* Doc. 7 at 1].

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *See Lavado v. Keohane*, 992 F. 2d 601, 605-06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). The Court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605-06.

Considering these factors, Plaintiff has not established that this is an extraordinary civil case where it is appropriate to appoint counsel. The nature of this case, Section 1983 liability for alleged denial of (1) peanut butter sandwiches for diabetes and (2) breathing treatments, [Doc. 3 at 5], is standard with a well-developed body of caselaw and precedent. And neither the factual nor legal issues involved are complex. Further, Plaintiff's filings are cogent and coherent, making him capable of representing himself with the liberal construction that this Court gives pro se filings. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel [Docs. 2, 7].

### III.     Complaint Screening

#### A.     Standard

Under the PLRA, the Court must screen the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief.

3

*Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Complaint**

The Complaint alleges that because Plaintiff is diabetic, Defendant Southern Health Partners's medical staff ordered that he receive a peanut butter sandwich nightly to help regulate his blood sugar levels [Doc. 3 at 4-5]. However, on "countless nights" Plaintiff has not received a sandwich despite his verbal requests [*Id.* at 5]. In response, he has been told by "staff" that the sandwich "can't be found" or they "don't have time" [*Id.*]. The Complaint states that "[t]his has been the collective case as to the full chain of command" before listing Defendants Sheriff Lawson, Lt. Gallion, First Sergeant Armstrong, First Sergeant Pridemoore, Sgt. Smith, Sgt. Allen, Sgt. Meree, Sgt. Dunn, Cpl. Shively, Cpl. Horton, Cpl. Spears, Cpl. Mosely, Officer Dean, Officer Cicero, Officer Freed, Officer Dominguez, Officer Wolfe, Officer Isom, Officer Clevenger, Officer Hoe, Officer Hendricks, Officer Fluellen, Officer Carpenter, Officer Pearson, and Officer Shelton[1] [*Id.*].

The Complaint also claims that despite Jail officials prescribing him twice-daily breathing treatments for respiratory ailments, he has "repeatedly" not received these treatments from "staff" [Doc. 3 at 5]. "Also, the nursing staff," including Defendants Gordon and Lunz, "have neglected my [Plaintiff's] treatment" [*Id.*]. Staff told Plaintiff that the treatment was not provided because they did not have enough time or were "to[o] busy" [*Id.*].

---

[1] Plaintiff spells some of these names differently in his list of Defendants, [*id.* at 3], and the substantive portion of the Complaint, [*id.* at 4]. For consistency, the Court uses the spelling from the list of Defendants, which comes earlier in the Complaint [*Id.* at 3].

And Defendant Hawkins County Sheriff's Department allegedly does not have a dietitian at the Jail to ensure that adult males receive proper calories and portions and do not "suffer hunger cravings," and this entity is therefore "inadequately prepared" for sick inmates "or a normal person" [*Id.*]. Plaintiff sued the Jail officials listed above, Nurses Gordon and Lunz, the Hawkins County Sheriff's Department, and Southern Health Partners [*Id.* at 1, 3]. As relief, Plaintiff requests compensatory and punitive damages and injunctive relief [*Id.* at 6].

C.  Analysis

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

1.  **Defendant Hawkins County Sheriff's Department**

The Hawkins County Sheriff's Department is not an entity subject to suit under Section 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983" (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). Accordingly, the Court **DISMISSES** Defendant Hawkins County Sheriff's Department. But the Court also liberally construes Plaintiff's claims regarding Defendant Hawkins County Sheriff's Department as claims against Hawkins County, an entity subject to suit in certain circumstances. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

## 2. Individual Defendants In Their Official Capacity, Hawkins County, and Defendant Southern Health Partners

It is unclear whether the Complaint raises claims against the Individual Defendants[2] in their individual or official capacities, or both. For Plaintiff's benefit, the Court presumes both. To the extent that the Complaint raises official capacity claims, the Court construes those claims as against the employers of the Individual Defendants, either Hawkins County or Southern Health Partners. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell*, 436 U.S. at 690 n.5 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

To state a plausible Section 1983 claim against Hawkins County or Southern Health Partners (inferring in Plaintiff's favor that it is acting as a state actor at the direction of Hawkins County in the Jail), the Complaint must allege facts from which the Court can plausibly infer that the entity's policy or custom caused a constitutional violation. *Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining that a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (the complaint must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights (citation omitted)).

---

[2] Defendants Sheriff Lawson, Lt. Gallion, First Sergeant Armstrong, First Sergeant Pridemoore, Sgt. Smith, Sgt. Allen, Sgt. Meree, Sgt. Dunn, Cpl. Shively, Cpl. Horton, Cpl. Spears, Cpl. Mosely, Officer Dean, Officer Cicero, Officer Freed, Officer Dominguez, Officer Wolfe, Officer Isom, Officer Clevenger, Officer Hoe, Officer Hendricks, Officer Fluellen, Officer Carpenter, Officer Pearson, Officer Shelton, Nurse Gordon, and Nurse Lunz

6

Case 2:24-cv-00165-KAC-CRW   Document 11   Filed 09/15/25   Page 6 of 9   PageID #: 37

The Complaint does not plausibly allege that a custom or policy of Hawkins County or Southern Health Partners caused any violation of his constitutional rights. With respect to the denial of peanut butter sandwiches and breathing treatments, the Complaint identifies no policy, ratification, inadequate training or supervision, or custom. *See Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 323 (6th Cir. 2023). And while Plaintiff generally alleges that the Jail does not provide male inmates sufficient calories to avoid being hungry at times, Plaintiff sets forth no facts from which the Court can plausibly infer that this rises to the level of a constitutional violation. *See, e.g., Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated). Accordingly, the Court (1) **DISMISSES** Defendants Hawkins County (liberally construed) and Southern Health Partners from this action and (2) **DISMISSES** any claims against the Individual Defendants in their official capacities.

### 3. Individual Defendants Individual Capacity Claims

To the extent that Plaintiff sued the Individual Defendants in their individual capacities, the Complaint does not contain facts from which the Court can plausibly infer that any specific Individual Defendant violated Plaintiff's constitutional rights. In a non-descript way, the Complaint generally lists each of the Individual Defendants as playing some role in denying Plaintiff a peanut butter sandwich or breathing treatment [*See* Doc. 3 at 4-5]. But the Complaint does not provide facts that would allow the Court to infer (1) the role that each Individual Defendant played in that denial and (2) the knowledge that each Individual Defendant had, or should have had, with respect to Plaintiff's condition and needs [*See id.*]. These facts are essential to establishing individual liability under the law. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) ("a complaint must allege that the defendants were personally involved in the

7

alleged deprivation of federal rights" to state a claim upon which relief may be granted); *see Helphenstine*, 60 F.4th at 317 (identifying both the subjective and objective prong for an inadequate medical care claim). Accordingly, the Court **DISMISSES** any claims against the Individual Defendants in their individual capacities. No claims remain in this action. The Court therefore **DISMISSES** the action.

IV. **Conclusion**

For the reasons set forth above:

1. The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts **MUST** submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk **MUST** provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. The Court **DENIED** Plaintiff's motion to appoint counsel [Docs. 2, 7];

6. Even liberally construing the Complaint, it fails to state a claim upon which relief may be granted under Section 1983;

7. Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. A Judgment Order **SHALL** enter.

8

SO ORDERED.

ENTER:

                                            /s/ Katherine A. Crytzer
                                            KATHERINE A. CRYTZER
                                            United States District Judge